**BANK OF AMERICA, N.A., Respondent,**

v.

**Byron C. GLENN, and Aminah O. Glenn, Individually and as Trustees of "The Glenn Family Trust," Appellants.**

### No. ED 103780

Missouri Court of Appeals, Eastern District, **DIVISION FOUR.**

Filed: November 8, 2016

Randall Christian Cahill, St. Louis, MO, for Appellant.

Rhiana Ann Luaders, Brian Christopher Walsh, St. Louis, MO, for Respondent.

Before James M. Dowd, P.J., Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J.

## ORDER

### PER CURIAM

Byron C. Glenn and Aminah O. Glenn, individually and as trustees of "The Glenn Family Trust," appeal the entry of summary judgment in favor of Bank of America, N.A. ("the Bank") on the Bank's claim that Byron Glenn fraudulently presented a fictitious and worthless money order to the Bank in an attempt to pay off the Glenns' $541,500.00 mortgage loan. The Bank sought the equitable reinstatement of the promissory note and the Deed of Trust that Byron Glenn's fraud induced the Bank to release.

In six points on appeal, the Glenns contend that the trial court erred or abused its discretion in entering summary judgment in favor of the Bank (1) by relying on the Glenns' responses to requests for admissions in support of the Bank's motion for summary judgment; (2) by entering a "judgment of reformation" where, in the Glenns' view, the Bank should have brought a breach of contract action because it sought "enforcement" of the Deed of Trust; (3) by finding that no genuine issue of material fact existed as to whether the Bank reasonably relied on the fictitious money order, suffered damage as a result, and mistakenly recorded the release of the Deed of Trust; (4) by relying on the affidavit of a Bank employee to prove the par-

ties' intent to make the Deed of Trust a first lien on the Glenns' home in Jackson, Missouri ("the Property"); (5) by granting attorneys' fees and costs even though, according to the Glenns, such expenses are not recoverable under the Deed of Trust; and (6) by entering a judgment reinstating the lien on the Property, because—the Glenns claim—a necessary and indispensable party was not included in the litigation. Finding no error or abuse of discretion, we affirm.

The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).